(Reap. Dec. 8448)

MEADOWS WYE & CO., INC. *v.* UNITED STATES

Entry No. 755404.

(Decided June 8, 1955)

Plaintiff not represented by counsel.
*Warren E. Burger*, Assistant Attorney General, for the defendant.

LAWRENCE, Judge: When this appeal for a reappraisement was called for hearing, there was no appearance on behalf of the appealing party.

Rule 5 of the rules of this court provides that—

* * * Where the plaintiff, petitioner, or appellant, or his attorney, in a case does not appear when the same is called, and after the opposite party has had opportunity to present evidence on the issues, it shall be deemed submitted and shall be decided by the court on the record as it appears therein.

In accordance with the provisions of said rule, I have examined the record in the appeal presently before the court and find nothing therein which tends in any way to overcome the presumption of correctness which attaches to the decision of the appraiser. Therefore, I find and hold that the proper values of the merchandise are the values returned by the appraiser.

Judgment will issue accordingly.

(Reap. Dec. 8449)

AMERICAN EXPRESS CO. *v.* UNITED STATES

Entry No. 712832.

(Decided June 8, 1955)

Plaintiff not represented by counsel.
*Warren E. Burger*, Assistant Attorney General, for the defendant.

LAWRENCE, Judge: When this appeal for a reappraisement was called for hearing, there was no appearance on behalf of the appealing party.

Rule 5 of the rules of this court provides that—

* * * Where the plaintiff, petitioner, or appellant, or his attorney, in a case does not appear when the same is called, and after the opposite party has had opportunity to present evidence on the issues, it shall be deemed submitted and shall be decided by the court on the record as it appears therein.

In accordance with the provisions of said rule, I have examined the record in the appeal presently before the court and find nothing therein which tends in any way to overcome the presumption of correctness which attaches to the decision of the appraiser. Therefore, I find and hold that the proper values of the merchandise are the values returned by the appraiser.

Judgment will issue accordingly.

(Reap. Dec. 8450)

UNITED STATES *v.* W. R. ZANES & CO. OF LA., INC.

Entry No. 4534.

(Decided June 10, 1955)

*Warren E. Burger*, Assistant Attorney General, for the plaintiff.
*Sharretts, Paley & Carter* for the defendant.

OLIVER, Chief Judge: This appeal for reappraisement has been submitted for decision on an agreed set of facts, establishing export value, as defined in section 402 (d) of the Tariff Act of 1930, to be the proper basis for appraisement of "the seamless steel Dalmine API casing" covered by consular invoices 8634 and 8635 involved herein and showing such statutory value for the said merchandise to be U. S. $240 per metric ton, less 1.97 per centum nondutiable charges.

Judgment will be rendered accordingly

(Reap. Dec. 8451)

UNITED STATES *v.* D. HAUSER

